UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Liakat A. Khan

_____

Write the full name of each plaintiff.

-against-

NYC Department of Housing Preservation &
~~Development~~

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

_____CV_____

(Include case number if one has been assigned)

Do you want a jury trial?

☒ Yes    ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 3/24/17

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Liakat | A. | Khan |
|---|---|---|
| First Name | Middle Initial | Last Name |

| 30-34 32nd Street, Apt 5D |
|---|
| Street Address |

| Queens | NY | 11102-1814 |
|---|---|---|
| County, City | State | Zip Code |

| (347) 924-3769 | liakatakhan@verizon.net |
|---|---|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

| NYC Department of Housing Preservation & Development |
|---|
| Name |

| 100 Gold Street |
|---|
| Address where defendant may be served |

| New York | NY | 10038-1605 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| |
|---|
| Name |

| |
|---|
| Address where defendant may be served |

| | | |
|---|---|---|
| County, City | State | Zip Code |

Page 2

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                    State                    Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

NYC Department of Housing Preservation & Development
_____
Name

100 Gold Street
_____
Address

New York                    NY                    10038-1605
_____
County, City                    State                    Zip Code

## III.   CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☒ race:   Asian _____

☐ color: _____

☐ religion: _____

☐ sex: _____

☒ national origin:   Bangladeshi _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☒ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year:  1960 _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ Other (may include other relevant federal, state, city, or county law):

New York State Civil Service Law and Personnel Rules and Regulations of the City of New York
_____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐  did not hire me
- ☒  terminated my employment
- ☐  did not promote me
- ☐  did not accommodate my disability
- ☐  provided me with terms and conditions of employment different from those of similar employees
- ☒  retaliated against me
- ☒  harassed me or created a hostile work environment
- ☒  other (specify):   Made false statement on my termination letter that I failed the probation

Retaliated via NYC DCAS to deny restoration to eligible list for the same exam for future appointments

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

Please see attached PDF/A document titled "Addendum to Employment Discrimination Complaint"

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

Page 5

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒    Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?    09/21/2022

□    No

Have you received a Notice of Right to Sue from the EEOC?

☒    Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?    06/14/2024

When did you receive the Notice?    06/14/2024

□    No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

□    direct the defendant to hire me

☒    direct the defendant to re-employ me

☒    direct the defendant to promote me

□    direct the defendant to reasonably accommodate my religion

□    direct the defendant to reasonably accommodate my disability

☒    direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

Direct the defendant to pay back my salary with pension and other contributions, and other compensatory damages from December 17, 2021 to date
Direct the defendant to pay filing fee for this complaint and for my time spent on this complaint
Direct the defendant to pay punitive damages
Direct the defendant to pay for intentional infliction of emotional distress
Direct the defendant to pay other damages that this court deems appropriate

## VII.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 09/11/2024 | | /s/ Liakat A. Khan | |
|---|---|---|---|
| Dated | | Plaintiff's Signature | |
| Liakat | A. | Khan | |
| First Name | Middle Initial | Last Name | |
| 30-34 32nd Street, Apt 5D | | | |
| Street Address | | | |
| Queens | | NY | 11102-1814 |
| County, City | | State | Zip Code |
| (347) 924-3769 | | liakatakhan@verizon.net | |
| Telephone Number | | Email Address (if available) | |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes     ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

[Section IV. STATEMENT OF CLAIM (B. Facts) of EMPLOYMENT DISCRIMINATION COMPLAINT]

STATEMENT OF FACTS IN SUPPORT OF MY CLAIM

[Section IV. STATEMENT OF CLAIM (B. Facts) of EMPLOYMENT DISCRIMINATION COMPLAINT]

I worked for NYC Department of Housing Preservation & Development (HPD) as an accountant from August 30, 2021, until my termination on December 16, 2021. The discrimination took place between September 1, 2021, and December 16, 2021. Specifically:

1.  I was hired as an Accountant (civil service title)/Section 8 Adjustment Analyst (office title) in Section 8 Section of Fiscal Affairs by HPD from the Civil Service Open Competitive Accountant Exam No. 8050 eligible list.

2.  My primary employment is with MTA New York City Transit as a Station Agent. MTA approved my dual employment with HPD as an Accountant. HPD approved my dual employment with MTA as a Station Agent prior to my start date with them. I was directed to start with HPD on August 30, 2021, and I started on that date.

3.  Prior to August 30, 2021, HPD approved my dual employment pursuant to my full disclosures in the Form DP-2488-CPD(B) City of New York Comprehensive Personnel Document, and in the HPD Employee Disclosure Form in which I had made full disclosures of my dual MTA employment schedules, estimated earnings, and responsibilities.

4.  While I strongly believe that I was terminated because I was subjected to discrimination on the basis of age, national origin, and race, HPD tried to shift the discrimination on another baseless reason. Margie Mack, Director of Civil Service Management at Human Resources, told me that they had approved my dual employment by mistake, I could not work two jobs, and I had to leave the HPD employment. Even their reasoning is illegal per New York State Civil Service Law and Personnel Rules and Regulations of the City of New York. I was led to strongly believe that they had thought I was too old to work two jobs.

5.  On or about August 31, 2021, Marcia Simmons-Campbell, Executive Director of Staffing at Fiscal Affairs, asked me for my date of birth which she required me to give her although there was no bonafide business reason to ask for my date of birth. Marcia immediately changed my office title from Section 8 Adjustment Analyst in Section 8 Section of Fiscal Affairs to Payment Liaison and transferred me to Accounts Payable Section of Fiscal Affairs and concentrated all older employees in one office location and

[Section IV. STATEMENT OF CLAIM (B. Facts) of EMPLOYMENT DISCRIMINATION COMPLAINT]

required me to work with Richard Fried, 74 years, and Maria Said, 66 years – the two oldest employees in the unit with desks next to each other in Area D of the 8th floor. I wanted to work with a diverse group of coworkers of different ages, but I was cornered. I strongly believe concentrating all older employees in one section of the office is a form of age discrimination.

6.  Nandranie Jagdharry, Supervisor of Accounts Payable at Fiscal Affairs, supervised all three of us. Apparently, Marcia gave my date of birth to Nandranie because she told me she is younger to me. On many occasions beginning on September 6, 3021, Nandranie embarrassed me for working two jobs and told me that I should have retired already and discouraged me from continuing to work for HPD, especially holding dual employment, because of my age. While I feel bored without working and want to work two jobs as long as possible, in order to please her and stop being embarrassed, I told Nandranie that I would quit the MTA job very soon and retire from the HPD job in about a year.

7.  During the whole period I worked for HPD, Nandranie frequently embarrassed and teased Richard and Maria, the two other older employees for not retiring. Both of them endured age discrimination while I was working with them. While I was subjected to age discrimination myself, I was offended as well by the discrimination of Nandranie toward Richard and Maria as if salt was rubbed to my wound.

8.  Both Richard and Maria had hearing impairment too. Nandranie, and Judy Hunter who occasionally supervised Richard and Maria, harassed them for their disability of hearing impairment for which I felt offended as well. Richard and Maria probably could not hear or feel the gravity of the discrimination because of their hearing impairment.

9.  Marcia (Black) always isolated me from other Bangladeshi origin employees who were also younger to me and prevented me from mingling with or from making any kind of communication with them. There were six employees including myself on the floor who were born in Bangladesh and none of the other five employees talked to me while Marcia was in the office. She made my life in the office a hell. Marcia was comfortable with Black employees and all the non-Black employees did not feel included. Team Leader Judy Hunter who is Black, occasionally supervised me in absence of my supervisor; she used to monitor the time that I spent using bathroom and one day she reproached me for taking too long – as she argued – to use the bathroom even though I took less than five minutes. It was a custom in the office for everyone to go outside the

[Section IV. STATEMENT OF CLAIM (B. Facts) of EMPLOYMENT DISCRIMINATION COMPLAINT]

building to get coffee. I had hard time getting the approval of Judy to get outside the building to get coffee when Black employees were allowed easily.

10. I was the only more-than-sixty-years-old probationary employee in the Division of Fiscal Affairs, and to the best of my knowledge, the entire HPD. Only younger and non-Black minority probationary and provisional employees who unconditionally surrendered to Marcia's abuse of power and uncivil behavior could survive in the office.  Many of those employees confided to me that they did not want to report her abuse because they had families to take care of, and doing so would lead to the loss of their jobs and ruin the lives of their dependents. They went even so far as to ask me not to file a complaint with the USEEOC altogether because they thought doing so would create a backlash in the office for which they would eventually suffer.

11. Marcia always surveilled me when I was in the office. When in the office I talked to someone with Bangladeshi origin or people with origins in Indian Subcontinent, she used to race into us and interrupt our discussion and call the person that I spoke to, into her office and ask personal questions about me including my national origin and how the other persons had known me. For example, many times when Marcia surveilled and observed that I was talking to Asadul I. Chowdhury (about 29), Vendor Payment Analyst (provisional) at Division of Fiscal Affairs, and Rahat Z. Shimul (about 28), Pre-Auditor (provisional) at Division of Fiscal Affairs, both of whom were born in Bangladesh, she interrupted our discussion and immediately called them into her office and asked them personal question about me and what they were discussing with me, and issued implied warnings to them to not mingle with me. She always discouraged other employees from talking to me. Even other permanent employees dissociated with me just to avoid being singled out by her. When I used to pass corridor or passage Marcia used to observe if I talked to my fellow employees with Bangladeshi origin or from any other countries in Indian Subcontinent who looked and spoke alike. Because of this activity of Marcia, the other employees stopped taking to me for fear of being retaliated by her. Even other directors who were very close to her stopped talking to me. I was isolated and cornered by her misconduct. Even during the social occasions like Thanksgiving and Christmas parties and luncheons she surveilled me. For fear of her, other participants did not talk to me in those occasions.

12. Because of my age, I became vulnerable to physical or emotional attack by Marcia. Instead of conducting an orderly termination processing in a civil manner, Marcia forcefully removed me just after five minutes of issuing the termination letter. Although the termination letter stated that the termination was effective close of business (6:00

[Section IV. STATEMENT OF CLAIM (B. Facts) of EMPLOYMENT DISCRIMINATION COMPLAINT]

PM) on December 16, 2021, Marcia came to my cubicle desk at 11:12 AM on that day with two security guards and removed me with the help of those security guards who took possession of my ID card as if I was a criminal. Marcia gave me only 5 minutes to retrieve the drawers of my desk full of my stuffs and forced me to leave the building escorted by those security guards. I could not retrieve all my stuffs in 5 minutes and had to leave some important documents inside the drawers. While I did not see any guns in the possession of those guards, I assumed they carried guns, and I got puzzled since my termination was a civil matter and those security guards were not supposed to be present. Moreover, I was holding a civil service position and was forced in front of my peers and supervisor, which was extremely defamatory. I wanted to call 911 immediately but I was so much emotionally distressed that I was shaking. On December 26, 2021, I emailed Police Officer Brian Nelsen, Crime Prevention Unit of the 1st Precinct to report the incident. But he suggested that I consult a lawyer in this matter.

13. I was working at the 8th floor of the building and those security guards escorted me while I was carrying all my belongings in my backpack, handbag, and shopping bags from there through all the floors and elevators in front of everyone, to outside the building. I was humiliated in front of everyone including my coworkers and supervisor, which caused me emotional distress. There was no need for security guards and use of force when civil service termination order needs to be effectuated. Because of this termination in rush and by using force, I could not say goodbye to my coworkers. A termination letter is enough for any termination, whether be it legal or illegal. This illegal termination, Marcia's abuse of authority and her criminal use of force took place in front of Nandranie who assisted Marcia by retrieving my food from the refrigerator.

14. To suppress the discrimination, HPD tried to shift the discrimination to another flawed reason. Margie Mack, Director of Civil Service Management at Human Resources, called me for a few meetings in which she and other officials forced me to resign the HPD job. All they told me in the meetings was that I could not hold dual employment, without giving me any reason for their argument. When I asked them why they approved my dual employment in the first place, they always avoided answering that question except only one time when Margie said it was their mistake. In the last meeting on December 7, 2021, I stated to Robert Turbiak, Director of Operations at Human Resources, that I was subjected to discrimination and a hostile work environment. Upon hearing this he got extremely upset. Finally, on December 16, 2021, he emailed me a PDF copy of the termination letter signed by Anna Vaysman, Acting Assistant Commissioner of Human Resources.

[Section IV. STATEMENT OF CLAIM (B. Facts) of EMPLOYMENT DISCRIMINATION COMPLAINT]

15. In the termination letter, Anna made a false statement that I failed the probation. Even my immediate supervisor who was charged with appraising my performance did not start filling out my probationary performance appraisal form with me. In fact, one day Marcia told me in front of Nandranie that Nandranie had told her I was performing an excellent job. Nandranie also told me on many instances that I was performing an excellent job.

16. HPD cannot prove that I failed the probation because they cannot document my failure. I passed the written civil service examination for this position with a score of 88.21 out of 100. In fact, I was overqualified for the position. While the job requirement only asked for a Bachelor's degree in Accounting (or a minimum of 24 credit hours in Accounting) with no minimum Grade Point Average (GPA), I have a degree double majoring in Public Accounting and Finance with a 4.0 GPA in Accounting and with overall 3.79 degree GPA, and I passed all parts of the Certified Public Accountant (CPA) Examination. The job that I was working only needed a minimal accounting knowledge. So, the argument that I failed the probation does not stand. To the best of my knowledge, no one at HPD has failed the probation for the last few years. Generally, if someone cannot pass the one-year probation, it is extended for another six months or so, but my one-year probation was terminated even before completion of four months.

17. I strongly believe that HPD also retaliated by illegally barring me from any future appointments from the eligible list. Civil Service Open Competitive Accountant Exam No. 8050 eligible list was valid until July 2, 2023. Even after getting terminated from HPD service whether be it legally or illegally, I could have been restored, per Personnel Rules and Regulations of the City of New York, to the eligible list for this exam for future appointments with any NYC Agencies including HPD. NYC Department of Citywide Administrative Service (DCAS) which is charged with restoration to the eligible list denied my request for restoration to the eligible list without giving me any reason. They did not respond to my email requesting them to give me the actual reason for the denial.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br><br>FEPA | **520-2022-05385** |

| **New York State Division Of Human Rights** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Mr. Liakat A. Khan | 347-924-3769 | 1960 |

| Street Address |
|---|
| 30-34 32nd Street Apt 5D |
| QUEENS, NY 11102 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| NYC Department of Housing Preservation & Development | 501+ Employees | |

| Street Address |
|---|
| 100 Gold Street |
| NEW YORK, NY 10038 |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Age, National Origin, Race | 09/01/2021 | 12/16/2021 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I am a 61-year-old male of Bangladeshi descent who has worked for the above-named entity (HPD) since August 2021 until my termination on December 2021, as an accountant. I believe I was discriminated against because of my age (over 40) in violation of the Age Discrimination in Employment Act of 1967, because of my national origin (Bangladeshi) in violation of Title VII of the Civil Rights Act of 1964, and because of my race (Asian) in violation of Title VII of the Civil Rights Act of 1964. Specifically, a day or two after the start date, Marcia Simmons-Campbell, Executive Director of Staffing at Fiscal Affairs, kept asking me for my date of birth which she required me to give her. Marcia immediately reassigned me to Accounts Payable section in order to concentrate all older employees in one office location and required me to work with Richard Fried, 74 years, and Maria Said, 66 years  the two oldest employees in the Division with desks next to each other although I wanted to work with a diverse group of coworkers of different age groups. Nandranie Jagdharry supervised all three of us. She told me she is younger to me. On many occasions, Nandranie embarrassed me for working two jobs and told me that I should have retired already and discouraged me from continuing to work for HPD because of my age. In order to please her and stop being embarrassed, I told Nandranie that I would quit the other (MTA) job very soon and retire from the HPD job in about a year. Nandranie frequently embarrassed and teased Richard and Maria for not retiring. I was offended by the

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>  **Digitally Signed By: Mr. Liakat A. Khan**<br><br>**09/21/2022**<br><br><br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE<br>(*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br><br>FEPA | **520-2022-05385** |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

discrimination of Nandranie toward Richard and Maria as if salt was rubbed to my wound. Both Richard and Maria had hearing impairment too. Nandranie, and Judy Hunter who occasionally supervised Richard and Maria harassed them for their hearing impairment for which I felt offended as well. Richard and Maria probably couldnt hear or feel the gravity of the discrimination because of their hearing impairment. Marcia (Black) isolated me from other Bangladeshi origin employees who were also younger to me and prevented me from mingling with or from making any kind of communication with them. There were six employees including myself on the floor who were born in Bangladesh and none of the other five employees talked to me while Marcia was in the office. She made my life in the office a hell. Marcia was comfortable with Black employees and all the non-Black employees didnt feel included. Team Leader Judy Hunter who is Black, occasionally supervised me in the absence of Nandranie; she used to monitor the time that I spent using bathroom and one day she reproached me for taking too long  as she argued  to use the bathroom even though I took less than five minutes. It was a custom in the office for everyone to go outside the building to get coffee. I had hard time getting the approval of Judy to get outside the building to get coffee when Black employees were allowed easily. I was the only more-than-sixty-years-old probationary employee in the Division of Fiscal Affairs, and to the best of my knowledge, the entire HPD. Only younger and non-Black minority probationary and provisional employees who unconditionally surrendered to Marcias abuse of power and uncivil behavior could survive in the office. Marcia always surveilled me when I was in the office. When in the office I talked to someone with Bangladeshi origin or with origins in the Indian Subcontinent, she used to race into us and interrupt our discussion and call the person that I spoke to, into her office and ask personal questions about me including my national origin and how the other persons had known me. She always discouraged other employees from talking to me. Even other permanent employees dissociated with me just to avoid being singled out by her. When I used to pass corridor or passage, Marcia used to observe if I talked to my fellow employees from Bangladesh or from any other countries in the Indian Subcontinent who looked and spoke alike. Because of this activity of Marcia, the other employees stopped taking to me for fear of being retaliated by her. Even other directors who were very close to her stopped talking to me. I was isolated and cornered by her misconduct. Even during the social occasions like Thanksgiving and Christmas parties and luncheons she surveilled me. For fear of her, other participants did not talk to me in those occasions. Because of my age, I became vulnerable to physical or emotional attack by Marcia. Instead of conducting an orderly termination processing in a civil manner, Marcia forcefully removed me just after five minutes the termination letter was emailed. Although the termination letter stated that the termination was effective close of business (6:00 PM) on December 16, 2021, Marcia came to my cubicle desk at 11:12 AM on that day with two security guards and removed me with the help of those security guards who took possession of my ID card as if I was a criminal. Marcia gave me only 5 minutes to retrieve the drawers of my desk full of my stuffs and forced me to leave the building escorted by those security guards. I could not retrieve all my stuffs in 5 minutes and had to leave some important documents inside the drawers. While I didnt see any guns in the possession of those guards, I assumed they carried guns and I got puzzled since my termination was a civil matter and those security guards were not supposed to be present. Moreover, I was holding a civil service position and was forced to leave in front of my peers and supervisor, which was extremely defamatory. I wanted to call police immediately but was so much emotionally distressed that I was shaking. I was working at the 8th floor of the building and the security guards escorted me while I was carrying all my belongings in my backpack, handbag, and shopping bags, from there through all the floors and elevators in front of everyone, to outside the building. I was humiliated in front of everyone including my coworkers, which caused me emotional distress. There was no need for security guards and use of force when civil service termination order needs to be effectuated. Because of this termination in rush and by using force, I couldnt say goodbye to my coworkers. This illegal termination, Marcias abuse of authority and her criminal use of force took place in front of Nandranie who assisted Marcia by retrieving my food from the refrigerator. Margie Mack, Director of Civil Service Management at Human Resources, called me for a few meetings in which they forced me to resign the HPD job. All they told me in the meetings was that I could not hold dual employment. When I asked them why they approved my dual employment in the first place, they always avoided answering that question except only one time when they said it was their mistake. In the last meeting on December 7, 2021, I stated to Robert Turbiak, Director of Operations at Human Resources, that I was subjected to discrimination and hostile work environment. Upon hearing this he got extremely upset. Finally, on December 16, 2021, he emailed me a PDF copy of the termination letter signed by Anna Vaysman, Acting Assistant Commissioner of Human Resources. In the termination letter, Anna made a false statement that I failed the probation. Even Nandranie, who was charged with appraising my performance, didnt start filling out my probationary performance appraisal form with me which she was required to do. In fact, one day Marcia told me in front of Nandranie that Nandranie had told her I was performing an excellent job. Nandranie also told me on many instances that I was performing an excellent job. Based on the above, I believe I was discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, and other applicable Federal, state, and local antidiscrimination statutes.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Mr. Liakat A. Khan**<br><br>**09/21/2022**<br><br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED  AND  SWORN  TO  BEFORE  ME  THIS  DATE (*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.  **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.  **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.  **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.  **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.  **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**NOTICE OF NON-RETALIATION REQUIREMENTS**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Newark Area Office**
283-299 Market St, Suite 1703
Newark, NJ 07102
(862) 338-9410
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

**Issued On: 06/14/2024**
**Charge No: 520-2022-05385**

**To:** Mr. Liakat A. Khan
30-34 32nd Street, Apt. 5D
Queens, NY 11102

EEOC Representative and email:   Christiana Doriety, Sr. Federal Investigator
christiana.doriety@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:John Waldinger
06/14/2024

John Waldinger
Area Office Director

**Cc:**
Ahmed Tigani
tigania@hpd.nyc.gov

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 520-2022-05385 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 520-2022-05385 to the District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.