USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: March 31, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIAKAT A. KHAN,

                                  Plaintiff,

               -against-

NYC DEPARTMENT OF HOUSING
PRESERVATION & DEVELOPMENT,

                                  Defendant.

---

24-CV-07014 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

The Court assumes familiarity with the facts and procedural history of this lawsuit.[1]  *Pro se* Plaintiff is Liakat A. Khan, a 61-year-old male of Bangladeshi origin.  Defendant is his former employer the New York City Department of Housing Preservation & Development ("HPD").[2]  Plaintiff was a probationary employee with HPD from August 31, 2021, until his termination on December 16, 2021.  Dkt. No. 25-1 ¶¶ 1–4.  Plaintiff alleges numerous derogatory comments from his managers and co-workers belittling his and other employees' senior ages.  He also alleges a pattern of disparate treatment due to his race and national origin.  During his employment, Plaintiff's supervisors on numerous occasions asked him to resign and stated he failed to secure approval for "dual employment," given Plaintiff already held employment with

---

[1] The Court takes the facts from the Amended Complaint (Dkt. No. 25) and Plaintiff's affidavit (Dkt. No. 25-1), accepting all well-pleaded facts as true for purposes of resolving Defendant's motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[2] An agency of the City of New York is not an entity that can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").  However, given Khan's *pro se* status, and that the Law Department has appeared and responded to this matter on the merits and thus no undue prejudice will accrue, the Court will *sua sponte* direct that the City of New York be substituted as the proper Defendant in this matter.

the Metropolitan Transit Authority ("MTA").  Ultimately, Plaintiff received a termination notice on December 16, 2021, advising that he failed his probationary period, which Plaintiff alleges is a pretext for discrimination.  Dkt. No. 25-1 ¶¶ 14, 28–29.

Plaintiff alleges HPD discriminated against him and fostered a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL").  Plaintiff also alleges he is entitled to damages under equitable estoppel given he was previously told by officials at HPD that his dual employment was approved by mistake but his termination letter instead stated that he failed his probationary period.  *See* Dkt. No. 25-1 ¶ 15; Dkt. No. 25-10.  Before the Court is Defendant's motion to dismiss.  Dkt. No. 30.  Plaintiff's equitable estoppel claim is time-barred, but his complaint otherwise states a claim for relief under Title VII, the ADEA, the NYSHRL, and the NYCHRL.  Accordingly, the motion is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

## I.    LEGAL STANDARD ON A MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3]  The Court must assume all well-pled facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993) ("[A]ll allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

plaintiff's favor, notwithstanding a controverting presentation by the moving party.").  In

addition, "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise

the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

474 (2d Cir. 2006) (per curiam).  And a court is "obligated to afford a special solicitude to *pro se*

litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

## II.    THE THREE-YEAR STATUTE OF LIMITATIONS APPLIES TO PLAINTIFF'S CLAIMS OF DISCRIMINATION

Defendant first argues that, because Plaintiff challenges an agency's decision to terminate

his employment, he first needed to file an Article 78 proceeding in New York state court, but that

the applicable four-month statute of limitations had run by the time Plaintiff filed his lawsuit.

*See* Dkt. No. 31 ("Mot.") at 8–9.  An Article 78 proceeding supersedes "the common law writs

of mandamus, prohibition, and certiorari" and replaces them with a "uniform device for

challenging the activities of an administrative agency in Court." *Whitfield v. City of New York*,

96 F.4th 504, 519 (2d Cir. 2024).  A four-month statute of limitations applies to Article 78

proceedings.  N.Y. C.P.L.R. § 217(1).

"[T]he New York Court of Appeals has held that discrimination claims against public

employers are subject to a three-year statute of limitations, and New York courts have continued

to apply this precedent in recent years." *Chinchilla v. New York City Police Dep't.*, No. 23-CV-

08986 (DEH), 2024 WL 3400526, at *11 (S.D.N.Y. July 12, 2024) (collecting cases); *Farrell v.

City of New York*, No. 23-CV-04329 (JLR), 2024 WL 3849333, at * 3–4 (S.D.N.Y. Aug. 16,

2024) (holding the three-year statute of limitations applied to claim alleging discrimination).

Applying that precedent, Plaintiff's claims alleging discriminatory conduct that would violate

Title VII, the ADEA, NYSHRL, and NYCHRL are all subject to the three-year statute of

limitations.[4]  His claims that do not hinge on discriminatory conduct, meanwhile, are all subject to the four-month statute of limitations.  Accordingly, Plaintiff's discrimination and hostile work environment claims are not time-barred given they fall within the applicable three-year statute of limitations.  Furthermore, Plaintiff's claim that he was "terminated because . . . [of] discrimination on the basis of age, national origin, and race" is not time barred, either, because he alleges his termination was a discriminatory conduct deriving from animus against protected characteristics.  *See* Dkt. No. 25-1 ¶ 11.[5]  Nevertheless, any of Plaintiff's claims that do not hinge on alleged discriminatory conduct are time-barred by application of the four-month statute of limitations.  This includes Plaintiff's equitable estoppel claim, which relates to the reason given for his termination relevant to his "dual employment" status.  Because Plaintiff's equitable estoppel claim does not challenge discriminatory conduct, the Court will dismiss Plaintiff's equitable estoppel claim as time-barred.

## III.   DEFENDANT'S STATUTE OF LIMITATIONS ARGUMENT UNDER TITLE VII, THE ADEA, NYSHRL, AND NYCHRL FAILS

Defendant next highlights that, before bringing a lawsuit under Title VII and the ADEA, a New York plaintiff must first file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") "within 300 days of the discriminatory act."  *Parker v. Metro. Transp. Auth.*, 97 F. Supp. 2d 437, 449 (S.D.N.Y. 2000); *see also Harris v. City of New York*, 186 F.3d 243, 247 n.2 (2d Cir. 1999).  Because Plaintiff filed his EEOC charge on

---

[4] "New York courts look beyond the labels a plaintiff uses to determine if an action should be brought as an Article 78 proceeding."  *Chinchilla*, 2024 WL 3400526, at *11.

[5] A probationary employee's wrongful termination claim is typically subject to Article 78's four-month statute of limitations.  *See, e.g., Portlette v. Metro. Transit Auth.*, 25 A.D.3d 389, 391 (1st Dep't App. Div. 2006).  But this case is distinguishable given Plaintiff's allegation that his termination stemmed from Defendant's discriminatory attitudes surrounding Plaintiff's national origin, race, and age, and that the reference to his probationary period was merely a pretext for unlawful discrimination.  Dkt. No. 25-1 ¶ 11.

September 21, 2022, Defendant argues "any alleged discriminatory acts occurring before November 25, 2021, including being asked his age and being allegedly transferred to Accounts payable, are time-barred under Title VII and the ADEA." Mot. at 9–10. Defendant also argues that—because NYSHRL and NYCHRL claims are subject to a three-year statute of limitations and this case was filed on September 11, 2024— he may not state a claim for any actions that occurred before September 11, 2021. *Id.* at 10.

Defendant's argument has some merit for claims of discrimination that hinge on discrete incidents. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). Nevertheless, it is of little significance under the facts of this case, as alleged in the Amended Complaint. There are sufficient allegations post-dating November 25, 2021, and September 11, 2021, respectively, to support claims for discrimination under Title VII, the ADEA, NYSHRL, and NYCHRL. Defendant also ignores that Plaintiff pleads several hostile work environment claims. Such claims necessarily involve "repeated conduct," and a Court may consider the entire history of the conduct comprising a plaintiff's hostile work environment claim so long as a single act contributing to the claim occurs within the filing period. *Id.* at 110, 115–117.

Accordingly, Defendant's motion to dismiss Plaintiff's various discrimination claims as time-barred is denied.

## IV.    DEFENDANT'S ARGUMENTS CHALLENGING PLAINTIFF'S DISCRIMINATION CLAIM FAIL

Defendant next argues Plaintiff has not sufficiently pled his discrimination claims because he has failed to allege that he was qualified for the position or plead facts suggesting an inference of discrimination. None of these arguments withstand scrutiny at this stage of the litigation.

To show qualification for a position, a plaintiff need only show that he "possesses the basic skills necessary for performance of [the] job." *Owens v. New York City Housing Auth.*, 934 F.2d 405, 409 (2d Cir. 1991). "[E]specially where discharge is at issue and the employer has already hired the employee, the inference of minimal qualification is not difficult to draw." *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 92 (2d Cir. 2001). Drawing all inferences in Plaintiff's favor, and according him the special solicitude owed to *pro se* plaintiffs, he has adequately alleged he possessed the "basic skills necessary" to perform his job. Dkt. No. 25-1 ¶¶ 29–30. As alleged, Plaintiff also completed all the steps necessary for dual employment. *See id.* ¶¶ 5, 7, 9. Hence, although Defendant's argument that Plaintiff was not properly authorized for dual employment, if proven, may ultimately establish a legitimate, non-discriminatory reason for Plaintiff's termination at a later stage of this case, it cannot rebut Plaintiff's showing that he was qualified to hold the position. Moreover, the Court cannot consider any material outside the pleadings on a Rule 12(b)(6) motion; although Plaintiff alleges he was <u>told</u> he did not have the proper approvals for dual employment, he also alleges that the assertion was merely a pretext for discrimination. *Id.* ¶¶ 11-12. Accordingly, this issue requires factual development and cannot be the basis for dismissal at this stage of the case.

Finally, Plaintiff more than adequately pleads facts suggesting an inference of discrimination. He alleges a variety of disparaging comments and disparate treatment based on protected characteristics, Dkt. No. 25-1 ¶¶ 22–24, all culminating in his allegedly unlawful termination under circumstances that have caused additional employment-related difficulties.[6]

---

[6] Plaintiff does not allege when some of the complained-of actions occurred. Nevertheless, given much of the alleged conduct was repeated and continuing, and drawing all inferences in Plaintiff's favor, the Amended Complaint adequately alleges sufficient actions within the appropriate time frame.

6

These allegations are sufficient to establish an inference of discrimination at this stage of the case.

## V.    DEFENDANT'S REMAINING ARGUMENTS FAIL

Defendant also argues Plaintiff has failed to state hostile work environment claims or claims for retaliation.  Mot. at 14–21.  These arguments do not support dismissal.

"In determining whether an actionable hostile work environment claim exists [under Title VII and the ADEA], we look to all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonable interferes with an employee's work performance." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 116.  Plaintiff alleges a near constant stream of discriminatory comments or conduct that support his allegations of a hostile work environment.  *See* Dkt. No. 25-1 ¶¶ 19–23 (emphasizing that discriminatory conduct occurred "every day").  This conduct was humiliating and unreasonably interfered with Plaintiff's ability to perform his job.  *See id.* ¶ 19.  This same conduct also meets the lower threshold for stating hostile work environment claims under the NYSHRL and NYCHRL.  *See Lee v. Riverbay Corp.*, 751 F. Supp. 3d 259, 287 (S.D.N.Y. 2024) ("Because the Court has found that Plaintiff has adequately alleged a claim for hostile work environment under Title VII, the same conclusion is warranted with respect to the analogous NYCHRL and post-October 2019 NYSHRL hostile work environment claims."); *Moazzaz v. MetLife, Inc*, No. 19-CV-10531 (JPO), 2021 WL 827648, at *9 (S.D.N.Y. Mar. 4, 2021) (describing the low burden required to state a hostile work environment claim under the NYSHRL and NYCHRL).

Next, Plaintiff adequately alleges retaliation at this stage of the case.  He complained to the Director of Operations at Human Resources that he was being "subjected to discrimination

and hostile work environment" on December 7, 2021.  Dkt. No. 25-1 ¶ 28.  Plaintiff then received a termination letter on December 16, 2021, informing him he failed his probation— pretenses which he asserts were false.  *Id.*  On his last day of employment, his manager arrived at his cubicle flanked by two security guards, who promptly escorted him out of the premises, in full view of the entire office.  *Id.* ¶ 25.  The temporal proximity of Plaintiff's complaint and the adverse actions adequately supports an inference of a causal relationship at the pleading stage.[7]

## CONCLUSION

For the foregoing reasons, Plaintiff's equitable estoppel claim is DISMISSED. Defendant's motion to dismiss is otherwise DENIED.  The Clerk of Court is respectfully directed to terminate Dkt. No. 30 and substitute the City of New York as Defendant on the caption and docket of this case

Dated: March 31, 2026
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge

---

[7] Defendant argues Plaintiff cannot show a causal connection between his complaint and the termination letter, given that management had already convened several meetings with Plaintiff where they attempted to force Plaintiff to resign and told him he "could not hold dual employment."  Mot. at 19– 21 (citing and quoting Dkt. No. 25-1 ¶ 28).  Although Defendant's argument may ultimately prevail, the Court nevertheless determines Plaintiff has stated a claim for retaliation.  There is a difference between trying to push Plaintiff to resign versus terminating his employment outright.  While Defendant's managers had previously cited Plaintiff was ineligible for employment due to his dual employment, his termination letter stated he failed his probation, a wholly new rationale post-dating his discrimination complaints, and which materially injured his future employment prospects.  Dkt. No. 25-10.  And Plaintiff was escorted out of the building in an aggressive and highly publicized manner, which was humiliating.  In addition, Plaintiff claims that many of these events were merely pretexts for unlawful discrimination.